UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
SABINA GERMAN,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/13/2020
```

19 Civ. 3328 (AT)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, United States District Judge:

    Plaintiff, Sabina German, commenced this action, Compl., ECF No. 1, against the Commissioner of Social Security ("Commissioner") seeking review of an administrative law judge's ("ALJ") decision, dated March 23, 2018, finding her ineligible for disability insurance benefits ("DIB") and supplemental security income ("SSI"), pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–434.  Record at 15–39.[1]  Before the Court is the Report and Recommendation ("R&R") of the Honorable Stewart D. Aaron, which recommends affirmance of the Commissioner's decision and dismissal of Plaintiff's complaint.  R&R, ECF No. 14.  Plaintiff filed timely objections.  Pl. Obj., ECF No. 15.  For the reasons stated below, Plaintiff's objections are OVERRULED and the Court ADOPTS the R&R in its entirety.

                                **BACKGROUND**[2]

    On August 21, 2015, Plaintiff filed an application for DIB and SSI.  Record at 208–20.  The Social Security Administration ("SSA") denied Plaintiff's application on November 4, 2015 and Plaintiff requested a hearing before an ALJ.  Id. at 21, 79.  A hearing was held before ALJ David Suna on October 16, 2017.  Id. at 40–78.  In a decision dated March 28, 2018, ALJ Suna

---

[1] The continuously paginated administrative record is filed at ECF Nos. 11-2 through 11-12.  The Court cites to the page numbers in the record.
[2] The Court presumes familiarity with the record, which is set forth in the R&R, and, therefore, only briefly summarizes it here.  See R&R at 2–12.

found that Plaintiff was not disabled. *Id.* at 21–35. ALJ Suna determined that, despite asthma, hypertension, hyperlipidemia, diabetic neuropathy, lumbar/cervical spine disorder, status-post cervical spinal fusion, and depressive disorder, Plaintiff retained the residual functional capacity ("RFC") to perform light work, with certain exceptions. *Id.* at 24, 28. Based on this RFC, the ALJ concluded that Plaintiff could perform her past work as a cleaner, or alternatively, other work as an office helper, an information clerk, or a counter clerk. *Id.* at 33–35. The ALJ's decision became final on February 15, 2019, when the Appeals Council denied Plaintiff's request for review. *Id.* at 1–8. This action followed.

At Judge Aaron's direction, the parties filed a joint stipulation in lieu of cross-motions for judgment on the pleadings. *See* R&R at 1. The parties agree that the two issues before the Court are: (1) whether the ALJ properly weighed the medical opinion evidence, and (2) whether the ALJ properly evaluated Plaintiff's medical testimony. *See id.*

## DISCUSSION

### I. Legal Standard

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (internal quotation marks and citation omitted). The clear error standard also applies if a party's "objections are improper—because they are conclusory, general, or simply rehash or reiterate the original briefs to the magistrate judge." *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569, 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (internal quotation

marks and citation omitted).  Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (internal quotation marks and citation omitted).

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  In reviewing a denial of Social Security disability benefits, the Court is limited to determining whether the Commissioner's conclusions are supported by "substantial evidence" in the record and are based upon the correct legal standard.  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence" means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448–49 (2d Cir. 2012) (internal quotation marks, citation, and emphasis omitted).  As such, the substantial evidence standard is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." *Id.* at 448.  The Court may not conduct *de novo* review of the Commissioner's decision, *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999), nor substitute its judgment for that of the Commissioner, *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

To qualify for disability benefits, an individual must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(l)(A); *id.* § 1382c(a)(3)(A).  The SSA's regulations establish a five-step process for determining a

disability claim. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[3] "Although the claimant bears the general burden of proving that he is disabled under the statute, if the claimant shows that his impairment renders him unable to perform his past work, the burden then shifts to the Commissioner to show there is other gainful work in the national economy which the claimant could perform." *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (internal quotation marks, citation, and alterations omitted).

II.   Analysis

Upon review of the record, the Court agrees with Judge Aaron's finding that the ALJ properly followed the five-step sequential analysis when making the disability determination in this case and committed no legal error, and that the ALJ's findings are supported by substantial evidence. *See* R&R at 17–26. Plaintiff objects and argues that the ALJ failed to properly weigh the medical opinion evidence and evaluate Plaintiff's testimony. *See* Pl. Obj. Construing these contentions as specific objections, the Court reviews *de novo* the portions of the R&R to which Plaintiff objects.

First, the Court concludes that the R&R correctly found that the ALJ weighed the evidence before him properly. The ALJ accorded only partial weight to the opinion of John Fkiaras, M.D., an SSA consultative examiner, *see* R&R at 5, 17–19, because Dr. Fkiaras' opinion provided an incomplete assessment of Plaintiff's postural abilities and did not opine on

---

[3] The five steps are as follows: "At the first step, the agency will find nondisability unless the claimant shows that he is not working at a substantial gainful activity. At step two, the [SSA] will find nondisability unless the claimant shows that he has a severe impairment, defined as any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities. At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the [SSA] assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the [SSA] to consider so-called vocational factors (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003) (internal quotation marks and citations omitted).

how long Plaintiff could walk, *id.* at 17–19.  Judge Aaron determined the ALJ's finding regarding Plaintiff's ability to walk is supported by substantial evidence elsewhere in the record, including the "repeated notations in the contemporaneous medical record that [Plaintiff] was going for frequent, long walks during this period in order to stay active." *Id.* at 18 (internal quotation marks and citation omitted).  Plaintiff argues that the ALJ failed to address the portions of Dr. Fkiaras' opinion that indicated that Plaintiff requires a sit/stand option by not standing or walking more than an hour at a time when performing light work.  Pl. Obj. at 3.  However, Judge Aaron correctly noted that Dr. Fkiaras did not explicitly find any sit/stand limitation and instead opined that Plaintiff only had a "mild limitation standing extended periods." R&R at 18–19.  Moreover, Plaintiff's contention that she would be unable to engage in light work due to her sit/stand limitations is flawed, given that "the full range of light work" under the Social Security Act "requires standing or walking, *off and on*," rather than continuously, "for a total of approximately 6 hours of an 8-hour workday." *See* Social Security Ruling 83-10, 1983 WL 31251, at *6 (S.S.A. 1983) (emphasis added).

Second, the R&R did not err in its findings concerning the opinion of Mentwab Wuhib, Ph.D., an SSA consultative psychologist.  Judge Aaron properly concluded that Dr. Wuhib's opinion contained a typographical error, such that it stated that "[Plaintiff] is moderately limited in understanding, remembering, or applying *simple* directions and instructions," instead of *complex* directions.  *See* R&R at 7–8, 20–21 (emphasis added).  Plaintiff contends otherwise, Pl. Obj. at 6–7, but upon a *de novo* review of the R&R, the Court agrees with Judge Aaron that the typographical error can be inferred from context, given that Dr. Wuhib also handwrote that "[Plaintiff's] moderate difficulty under attention and concentration impacts [her] ability to understand and remember *complex* instructions and carry them out." Record at 791 (emphasis

added). "In similar circumstances, courts have found typographical errors to be harmless if it is obvious from the opinion as a whole that the error is typographical and not substantive." *Heitz v. Comm'r of Soc. Sec.*, 201 F. Supp. 3d 413, 425 (S.D.N.Y. 2016) (internal quotation marks and citation omitted) (collecting cases)).

Third, the R&R correctly found that the ALJ gave proper weight to the opinion of Kelly Thomas, Psy.D., also an SSA consultative psychologist. R&R at 21–23. Dr. Thomas opined that Plaintiff was "moderately limited" in her ability to sustain attention and concentration, keep a regular schedule, and appropriately deal with stress, among other tasks. Record at 579. The ALJ found, consistent with Dr. Thomas' opinion, that Plaintiff had moderate limitations in the ability to understand, remember, and apply information, and to concentrate and maintain pace. Record at 26–27. As such, Plaintiff's objection that the R&R failed to evaluate the weight given to Dr. Thomas' opinion by the ALJ, *see* Pl. Obj. at 7–8, is unfounded.

Last, the R&R did not err in concluding that the ALJ properly considered Plaintiff's testimony. R&R at 24–25. The ALJ took into account Plaintiff's subjective complaints and statements about her physical and mental functioning before ultimately determining that Plaintiff had not demonstrated a complete inability to work. Record at 29. Although observing that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," the ALJ concluded that Plaintiff's statements regarding the intensity and persistence of her symptoms were "not entirely consistent with the medical evidence and other evidence in the record." *Id.* The ALJ also noted that Plaintiff's subjective complaints were at times contradictory. *Id.* at 30. Moreover, Plaintiff's treating records describe her as in "no acute distress" and with "no ongoing abnormalities upon examination." *Id.* Therefore, the R&R did not err in finding that the ALJ relied on substantial evidence in the record to conclude that

Plaintiff was not in medical distress.  *See* R&R at 25; *see also Blouvet v. Colvin*, No. 13 Civ. 1198, 2015 WL 751306, at *10 (W.D.N.Y. Feb. 23, 2015) (affirming ALJ who relied on medical records stating that plaintiff was not in acute distress, finding "that the ALJ's discussion of the evidence in the record substantially complies with the directives of the Social Security regulations and rulings").

Given the foregoing, Judge Aaron did not err in finding that substantial evidence supports the ALJ's determination that Plaintiff "can perform a wide range of unskilled work." R&R at 23 (quoting Record at 31 (internal quotation marks omitted)).

Accordingly, Plaintiff's objections are OVERRULED.

## CONCLUSION

The Court has reviewed *de novo* those portions of the R&R to which Plaintiff specifically objects and has reviewed the remainder of the R&R for clear error.[4]  For the reasons stated above, Plaintiff's objections are OVERRULED and the Court ADOPTS the R&R in its entirety. The Commissioner's decision is AFFIRMED and the complaint is DISMISSED.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: July 12, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[4] To the extent not discussed above, the Court finds the unchallenged portions of the R&R to be free of clear error.